### J. P. HAMMER, by his father and next friend GEORGE HAMMER *vs.* ELIAS PIERCE.

Trespass assault and battery is a transitory action.

The venue though laid, need not be proved.

Where the action was by a minor, through his father as next friend, the father's declations were excluded from the evidence.

ACTION of trespass vi et armis, and assault and battery. The venue was laid in New Castle county.

After the plaintiff closed, *Mr. Rogers* for defendant, moved a nonsuit, on the ground that there was no proof of the *place* where the trespass was committed. The only proof was, that it was in Fourth street, or Fourth and Poplar, without any mention of what place.

*Mr. Bradford* said it would be for the jury to say whether it was not proved that the injury took place in Wilmington. But he denied that the action of trespass assault and battery was a local action. It is a transitory action; and the venue may be laid any where. He cited 1 *Wheat. Selw.,* 29; 1 *Leigh N. P.*; 1 *Saund. Pl. & Ev.*

*Mr. Rogers.*—Though it be a transitory action, the venue must be proved as laid.

*Mr. Bayard.*—Not so. If the action be transitory, the venue is of no consequence. There need be no proof about it. An assault and battery in Pennsylvania may be the subject of an action here, and the venue may be laid in any county.

*The Court* refused the nonsuit, on the ground that the action of trespass assault and battery is a transitory action, and the venue need not be proved.

The defence offered to prove the declarations of the plaintiff's father. Objected to.

*Mr. Bayard.*—George Hammer is merely a nominal party, as the next friend of the plaintiff.

*Mr. Rogers.*—He is entitled to the fruits of the verdict.

*Mr. Bayard.*—Damages for an injury to the child are as much his as a legacy left him.

The evidence was ruled out.

Verdict for plaintiff $203 00.

*Bradford* and *Bayard*, for plaintiff.

*Rogers*, for defendant.